IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN REGENT TYRELL,

    Petitioner,                    No. 2:08-cv-2855 JAM KJN P

    vs.

THOMAS HOFFMAN,

                                            ORDER &
    Respondent.                FINDINGS AND RECOMMENDATIONS
_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel[1] with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 plea of no contest to battery with serious injury, forgery, child annoyance/molestation and possession of methamphetamine. He served a 64 month sentence.[2]

        Pending before the court is respondent's July 24, 2009 motion to dismiss on the grounds that this action is barred by the statute of limitations. Dkt. No. 12. Petitioner filed an opposition and respondent filed a reply. Dkt. Nos. 16, 21. Petitioner also filed an additional sur-reply and a motion for the court to accept the sur-reply. Dkt. Nos. 22, 23. The court herein

---

[1] Petitioner is a former attorney.

[2] Petitioner was released from prison but then detained for violating the terms of his parole.

considers review of petitioner's sur-reply, but after carefully considering the entire record, the court recommends that respondent's motion to dismiss be granted and this case closed.

II. Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On August 16, 2006, the California Court of Appeal, Third Appellate District, imposed a fifty dollar drug laboratory fee and affirmed the judgment against petitioner in all other respects.[3] Respondent's Lodged Document (hereinafter "Lod. Doc.") 2. Petitioner did not seek review in the California Supreme Court. Therefore, petitioner's conviction became final 40 days later on September 25, 2006, when the time for filing a petition with the California Supreme Court expired. Cal. Ct. R. 8.264(b)(1) & 8.500(e)(1)

The statute of limitations began to run the next day, on September 26, 2006. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is until

---

[3] The Court of Appeal decision was amended on October 24, 2006, to impose the drug laboratory fee. Lod. Doc. 3.

September 26, 2007, to file a timely federal petition, absent applicable tolling. The instant action, filed November 9, 2008,[4] is not timely unless petitioner is entitled to tolling or a later start date of the statute of limitations.

Petitioner filed four state post-conviction collateral actions:

1. February 7, 2007: First habeas petition filed in the California Court of Appeal, Third Appellate District. Lod. Doc. 4. The petition was denied on April 5, 2007, and included a citation to Smith v. Robbins, 528 U.S. 259 (2002). Lod. Doc. 5.

2. August 26, 2007: Second habeas petition filed in the Placer County Superior Court. Lod. Doc. 6. The petition was denied on November 12, 2007, with a reasoned opinion and included citations to In re Clark, 5 Cal. 4th 765 (1993); In re Swain, 34 Cal. 2d 300 (1949); and In re Robbins, 18 Cal. 4th 770, 780 (1998). Lod. Doc. 7.

3. January 28, 2008: Third habeas petition filed in the California Court of Appeal, Third Appellate District. Lod. Doc. 8. The petition was denied on March 6, 2008. Lod. Doc. 9.

4. June 2, 2008: Fourth habeas petition filed in the California Supreme Court. Lod. Doc. 10. The petition was denied on September 24, 2008. Lod. Doc. 11

Petitioner filed the instant petition on November 9, 2008.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-94 (2006).

---

[4] As opposed to respondent's motion, the court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). In any event, the mailbox rule is inconsequential in this case.

1　　　　　　The Supreme Court has explained that in order for a state habeas petition to be
2 "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in
3 compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408,
4 413-14 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v.
5 DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is untimely under state law,
6 that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414. Under such circumstances,
7 the petitioner is not entitled to statutory tolling. Id. at 417.

8　　　　　　Petitioner's first petition, filed on February 7, 2007, occurred approximately 134
9 days after judgment became final. Respondent concedes that petitioner is entitled to statutory
10 tolling during the pendency of the first petition. Motion to Dismiss (MTD) at 4. Petitioner is
11 entitled to tolling for the period from February 7, 2007, the date the first petition was filed, to
12 April 5, 2007, the date the first petition was denied, 58 days. Id. With this tolling, petitioner had
13 until approximately November 23, 2007 to timely file his federal petition.

14　　　　　　The first state petition was denied on April 5, 2007, but the second petition was
15 not filed for more than four months, approximately 143 days, until August 26, 2007. Petitioner is
16 not entitled to statutory tolling for the more than four month delay between the denial of his first
17 petition and the filing of the second petition. See Evans v. Chavis, 546 U.S. at 201 (2006); see
18 also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir.
19 2005) (petitioner not entitled to "gap" tolling for intervals between California state habeas filings
20 of 15 months, 18 months, and 10 months, given length of delays, lack of clear statement from
21 California legislature or courts that delays of such length were reasonable, and lack of
22 explanation or justification for delays)); Culver v. Director of Corrections, 450 F.Supp. 2d 1135,
23 1140-41 (C.D. Cal. 2006) (unexplained, unjustified delays of 97 and 71 days between the denial
24 of one state petition and the filing of the next petition constituted unreasonable delays such that
25 the intervals cannot be tolled under Chavis).

26　　　　　　Nor will there be statutory tolling for the time the second petition was pending

before the Placer County Superior Court.  The Placer County Superior Court specifically held, in a reasoned opinion, that petitioner's petition was untimely and cited to In re Clark, 5 Cal. 4th 765 (1993); In re Swain, 34 Cal. 2d 300 (1949); and In re Robbins, 18 Cal. 4th 770, 780 (1998).  Lod. Doc. 7.

The Supreme Court has stated, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).  As the Placer County Superior Court found that petitioner's habeas corpus petition was untimely under California law, the petition was not "properly filed" and therefore did not toll the limitations period.  See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) ("[b]ecause the California courts dismissed Bonner's petition as untimely, his petition was not "properly filed" under AEDPA).

In addition, petitioner is not entitled to statutory tolling for the third and fourth petitions filed on January 28, 2008, and June 2, 2008.  Both of these petitions were filed after the expiration of the limitations period which occurred, with tolling, on November 23, 2007.  As a result, petitioner is prohibited from receiving further statutory tolling.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (a state petition filed after the limitations period has run will neither revive nor toll the statute of limitations).  Petitioner's federal petition is barred unless a later start date is applied or equitable tolling is available

Factual Predicate of Claim

Title 28 U.S.C. § 2244(d)(1)(D) provides that the limitations period may run from the date on which the factual predicate of the claim could have been discovered through due diligence.  A prisoner knows of the factual predicate of a claim "when . . . he knows (or through the diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).

Petitioner appears to argue that the statute of limitations should commence from a later date, August 1, 2007, the date when petitioner states he learned that the victim of the battery, Brian L., did not suffer a broken nose in the assault. Opposition at 24.[5] Plaintiff states he came into possession of Roseville Police report # 154057696 that contained this information. Id. Petitioner reasons that had he known that the victim did not suffer a broken nose, then petitioner would not have agreed to the universal plea deal that involved a plea of no contest to Cal. Penal § 243(d).[6] Id. at 25. Part of the universal plea deal included a stipulation that the battery plea could not be used as a strike against plaintiff within the meaning of California law. Lod. Doc. 16 at 57. Ultimately, petitioner has failed to demonstrate that the statute of limitations should be given a later start date.

In his opposition to the motion to dismiss, plaintiff states that on August 1, 2007, he received a copy of the Roseville Police report # 154057696, that did not indicate the victim suffered a broken nose. Opposition at 24. The report only indicated that the victim thought he momentarily lost consciousness. Id. Plaintiff does not describe his efforts to obtain the report or how he came into possession of the report.

However, plaintiff's assertion appears to be contradicted by his own statements in the instant petition for habeas relief. In the petition, petitioner described how he learned that there was no broken nose:

> When the Petitioner reached CMC-W (Dorm 26), he had the good fortune of sleeping next to an inmate who knew the care-giver (Kara) employed by [the victim's] god-family (the Martins). [The victim] resided with the Martins for several months immediately following the assault. After making an inquiry to Kara, the inmate informed the Petitioner that [the victim] had not suffered a broken nose. When the Petitioner presented these facts to his court appoint[ed] counsel, Zimmerman, for the first time, [Zimmerman] informed the Petitioner that

---

[5] The court has referred to all page numbers in petitioner's motions as they appear on the court's electronic filing system.

[6] Cal. Penal § 243(d) states: When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment in the state prison for two, three, or four years.

6

[the victim's] loss of consciousness form[ed] the basis of [Cal. Penal § 243(d)]. Petition at 10.

While the precise dates when these conversations occurred is not clear, Zimmerman was petitioner's counsel at the plea and sentencing that occurred in 2005. Based on petitioner's assertions, Zimmerman told plaintiff that it was not a broken nose, but the loss of consciousness that provided the basis for the serious bodily injury component of the guilty plea to battery. Though not explicit, it appears this conversation occurred well before August 1, 2007.

Regardless of the date that petitioner maintains he learned the information, it is clear from the record that petitioner could have discovered this information earlier through due diligence. Petitioner contends that the prosecution repeatedly referred to the victim's broken nose in various preliminary hearings, but points to no evidence in the record. More importantly, there is no mention of a broken nose when petitioner pled no contest.[7] In fact, petitioner easily could have discovered this information on or about August 17, 2005, when he entered his plea which specifically discussed the Roseville Police report and specifically stated that the plea was conditioned on a plea to serious bodily injury but could not be used as a strike:

> [Prosecution]: For the final felony count, a factual basis is contained in Roseville Police Department report number 154057696 in which on 6-3-2005 the defendant committed an assault on the victim Brian Ladowski (phonetic), causing serious bodily injury. For purposes of the this plea the People have stipulated this is a nonstrike.
>
> THE COURT: All right. Counsel, would you agree that does constitute a factual basis for the entry of [the] plea?
>
> MR. ZIMMERMAN: Yes, your Honor. Specifically there was not great bodily injury in this instance and there was not a strike in this instance.
>
> THE COURT: It's alleged as a serious bodily injury, understanding the plea is a nonstrike.
>
> MR. ZIMMERMAN: Thank you.

---

[7] Petitioner was represented by Zimmerman when he pled no contest.

1  THE COURT: Mr. Tyrell, do you agree?

2  [Petitioner]: Yes. I agree.

Lod. Doc. 16 at 62.

Based on the transcript, it appears it was debatable that there was great bodily injury, but petitioner pled no contest to the charge in return for it not being used as a strike against him. Whatever the specifics of the plea deal may have been, it is clear petitioner could have discovered this information well before August 1, 2007.

For all these reasons, petitioner is not entitled to a later commencement date of the statute of limitations.

Equitable Tolling

Petitioner argues that he is entitled to equitable tolling due to being tortured while incarcerated, from June 2, 2005, to March 8, 2008. Opposition at 11. Petitioner contends that CDCR officials used advanced technology to send "intra cranial" voices and sounds into petitioner's head that prevented petitioner from timely filing his post-conviction habeas petitions. Id. at 8-15. Petitioner states this technology caused him to constantly hear words and phrases inside his head that others could not hear which greatly distracted petitioner.[8] Id. A substantial portion of petitioner's pleadings concern advanced military technology and upgrades in technology infrastructure in Placer County and other areas where petitioner was incarcerated.

The court does not find petitioner's allegations of torture to be credible and will not address these issues with respect to equitable tolling. However, the court will address equitable tolling with regard to mental competency. It should be noted that two of petitioner's underlying claims in the instant petition involve the same type of "intra cranial" voices that petitioner alleges confused and pressured him into pleading no contest to the underlying charges.

---

[8] Petitioner also alleges that the torture was a state created impairment that prevented the timely filing of his petition pursuant to 28 U.S.C. § 2244(d)(1)(B). Opposition at 14-15. The court will discuss all of petitioner's torture claims with respect to equitable tolling.

8

The AEDPA's one-year statute of limitations is subject to equitable tolling but only if a petitioner can show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Pace v. Diuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418. "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda v. Castro, 292 F.3d 1063, 1066 (2002) (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA] . . . lest the exceptions swallow the rule." Id.

A petitioner's alleged mental incompetency may be a sufficient basis to warrant equitable tolling or further development of the record. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003) (remanded for expansion of the record where the petitioner had a history of mental illness, provided medical records, and stated that he was incompetent in a sworn pleading); Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (holding that "when a putative habeas petitioner's mental competency is at issue, and the record discloses a genuine basis for concern, it is appropriate to toll the AEDPA's time bar until a reasonable period after the district court makes a competency determination").

A petitioner must demonstrate that his mental illness rendered him incapable of bringing an action within the statute of limitations period. See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (upholding a finding that equitable tolling was inapplicable where prisoner failed to show causal connection between physical and mental disabilities and inability to timely file petition), modified on other grounds by, 447 F.3d 1165 (9th Cir. 2006). See also, Jones v. Marshall, No. 09-cv-0233 GHK JTL, 2009 WL 2189892 at *9 n. 13 (C.D.Cal. July 17, 2009) (rejecting claim for equitable tolling based on alleged mental illness because petitioner failed to establish that his mental condition was the "but for" cause of his failure to timely file a

federal habeas petition).

In the instant case, the record does not reflect that any mental competency issues prevented petitioner from diligently or timely pursuing his post-conviction remedies. Petitioner is a former attorney and the record of state petitions, pleadings and letters to various courts during the time period that petitioner contends he was being tortured reveal that petitioner was ably pursuing relief through the court. Between June 2, 2005, and March 8, 2008, the period of alleged torture, petitioner filed four pro se state habeas petitions. Respondent also notes that during this time petitioner filed and pursed a civil rights suit in federal court, Tyrell v. City of Roseville, No. 06-cv-1414 JAM GGH.[9] While the case was ultimately dismissed, petitioner filed several well reasoned pleadings during the relevant times. Petitioner also corresponded with the Department of the Army throughout 2006, and using the Freedom of Information Act obtained Army unclassified documents pertaining to microwave auditory effect, microwave hearing effect, artificial telepathy and other related documents. Opposition at 53-60.

While petitioner's claims do raise questions about his mental well being, it is evident that any mental problems did not have a detrimental effect on petitioner's ability to adequately pursue his habeas claims.[10] Therefore, petitioner is not entitled to equitable tolling on any grounds.

Actual Innocence

Petitioner has also attempted to raise an actual innocence claim in his opposition to the motion to dismiss. This claim was not in petitioner's original petition nor in any of petitioner's state petitions. Petitioner filed a motion to file an amended petition in the instant case raising an actual innocence claim, but that motion was denied by the prior magistrate judge

---

[9] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[10] No incompetency issues are raised in the claims in the underlying habeas petition and petitioner was found to be mentally competent for trial after a psychological evaluation. Lod. Doc. 14.

10

assigned to the case. Dkt. No. 17. Thus, the court will not discuss this claim.[11]

### Judicial Notice of Board of Parole Hearing Decision

On March 1, 2010, petitioner filed an additional opposition to the motion to dismiss requesting the court to take judicial notice of a Board of Parole Hearing (BPH) decision on December 8, 2009. Respondent opposes petitioner's request.

At some point petitioner was paroled on the underlying case. On November 17, 2009, petitioner was detained for suspicion of violating the terms of his parole. Petitioner was suspected of engaging in activities in violation of Cal. Penal § 647.6, annoying or molesting a child under 18, some of the same activities that led to petitioner's incarceration in this case. However, a BPH decision found that there was no probable cause to detain petitioner based on his actions in 2009 related to the charge of child annoyance.[12] Petitioner contends that by not finding probable cause for his actions in 2009, this somehow supports petitioner's claim of actual innocence under a theory of collateral estoppel. Petitioner is mistaken.

The events that occurred in 2009 leading to the BPH hearing are not before the court. The instant petition concerns a 2005 conviction, wherein petitioner pled no contest to several charges resulting from a specific set of facts. Whatever factual situation led to the 2009 BPH hearing was clearly different from the incidents in 2005, despite petitioner's claims that it was the exact same situation. The BPH decision concerning an alleged violation of the terms of parole does not affect petitioner's conviction. Therefore, the court will not take judicial notice of the 2009 BPH hearing.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to accept filing of a sur-reply (Dkt. No. 22) is granted.

---

[11] Regardless, petitioner's claim of actual innocence does not rely on any new evidence. Rather, petitioner appears to argue that the misdemeanor charge of child annoyance is overly broad and he was engaged in normal activities. Petitioner has failed to present any evidence of actual innocence that would near the threshold set forth in Schlup v. Delo, 513 U.S. 298 (1995).

[12] Probable cause was found with respect to three other charges against petitioner.

IT IS HEREBY RECOMMENDED that respondent's July 24, 2009 motion to dismiss (Dkt. No. 12) be granted and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tyre2855.mtd