IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN REGENT TYRELL,

       Petitioner,                      No. 2: 08-cv-2855 JAM KJN P

   vs.

THOMAS G. HOFFMAN,

       Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to reopen the appeal period. For the following reasons, this motion is denied.

        Federal Rule of Appellate Procedure 4 provides, in relevant part,

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Court records indicate that on June 23, 2010, judgment was entered. On July 28, 2010, petitioner filed a motion for certificate of appealability. On December 9, 2010, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because "the July 28, 2010 notice of appeal, served on July 26, 2010, was not filed or delivered to prison officials within 30 days after the district court's judgment entered on June 23, 2010." (Dkt. No. 43.)

In the motion to reopen the appeal period, petitioner first claims that he did not receive notice of the entry of judgment within 21 days after it was entered. Petitioner claims that on June 16, 2010, he was arrested and booked into the Placer County Jail. (Dkt. No. 44, at 11.) Because he was in jail, petitioner claims that he "never formally" received the June 23, 2010 judgment. (Id., at 12.) Petitioner claims that on July 1, 2010, he sent a letter to his friend, Gloria Martinez-Senftner, asking if she could determine the status of the instant action. (Id.) On July 16, 2010, he received a letter from Ms. Martinez-Senftner containing a copy of the June 23, 2010 judgment. (Id.) Petitioner claims that in a letter to the Ninth Circuit Court of Appeals dated October 7, 2010, he mistakenly stated that he received the dismissal order from Ms. Martinez-Senftner on July 1, 2010. (Id.)

In the opposition to the pending motion, respondent first argues that petitioner received notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment within 21 days after entry. Respondent argues that petitioner conceded in the Ninth Circuit that he had notice as of July 1, 2010. Respondent goes on to argue that even under petitioner's current representation, his agent received notice as of July 12, 2010.

The Advisory Notes to the 2005 Amendments to Fed. R. App. P. 6(a)(A) are instructive regarding this issue:

////

////

2

> Under new subdivision (a)(6)(A), if the court finds that the moving party was not notified under Civil Rule 77(d) of the entry of the judgment or order that the party seeks to appeal within 21 days after that judgment or order was entered, then the court is authorized to reopen the time to appeal if all of the other requirements of subdivision (a)(6) are met. Because Civil Rule 77(d) requires that notice of the entry of a judgment or order be formally served under Civil Rule 5(b), any notice that is not so served will not operate to preclude the reopening of the time to appeal under new subdivision (a)(6)(A).

Fed. R. App. P. 4, advisory committee's notes.

The June 23, 2010 judgment was served on petitioner at his last known address in compliance with Federal Rules of Civil Procedure 77(d) and 5(b). The judgment was not returned unserved. While the notice was properly served, petitioner allegedly did not actually receive the notice because he was in jail. Petitioner did not file a notice of change of address indicating his incarcerated status. Because petitioner received notice of the entry of judgment in accordance within Federal Rules of Civil Procedure 77(d) and 5(b) within 21 days after entry, his motion to reopen the time to file an appeal should be denied. That petitioner actually became aware of the entry of judgment after he asked his friend to look into the matter is not material.

Respondent also argues that petitioner's motion to reopen is not timely under Federal Rule Appellate Procedure 4(a)(6)(B). The motion was due within 14 days after petitioner received notice of the judgment under Federal Rule of Civil Procedure 77(d). Fed. R. App. P. 4(a)(6)(B). Respondent argues that under petitioner's current representation that he personally had notice of the entry of the judgment no later than July 16, 2010, the motion to reopen was due on July 30, 2010.

Petitioner's motion to reopen was obviously filed well over 14 days after July 30, 2010. For this reason, his motion to reopen the time for filing an appeal should be denied.

////

////

////

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to reopen the appeal period (Dkt. No. 44) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ty2855.app